UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD CLAUDE KETTELS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C16-891RSL

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

This matter comes before the Court on petitioner Ronald Claude Kettels' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Dkts. ## 1, 6. The Court has considered the parties' memoranda, the exhibits, and the remainder of the record.[1] For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On March 27, 2013, a jury convicted petitioner of one count of conspiracy to commit bank robbery (in violation of 18 U.S.C. § 371), three counts of armed bank robbery (18 U.S.C. §§ 2113(a) and (d)), and three counts of use of a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)). Case No. CR11-383RSL, Dkt. # 149. The Court sentenced petitioner to 840 months' imprisonment, including a 684-month mandatory consecutive sentence for use of a firearm during and in relation to a crime of violence. Id. at

---

[1] In addition to his motion, petitioner himself requested to supplement his filings with additional authority. Dkt. # 14. That request is GRANTED, and the Court has considered the additional filing.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 1

Dkt. # 165. Petitioner's conviction and sentence were affirmed on appeal. See United States v. Kettels, 586 F. App'x 304 (9th Cir. 2014).

On June 13, 2016, petitioner filed a pro se motion under 28 U.S.C. § 2255. Petitioner argued that under the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015), armed bank robbery is not a "crime of violence" for purposes of § 924(c). The Court assigned counsel, and petitioner filed an amended § 2255 motion. The Court then stayed resolution of petitioner's motions pending the Ninth Circuit's decision in United States v. Watson, 881 F.3d 782 (9th Cir. 2018) (per curiam), which considered the same issues petitioner raises.

## II. DISCUSSION

Section 924(c) imposes a mandatory consecutive term of imprisonment for using or carrying a firearm "during and in relation to a crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute provides two definitions of a crime of violence. Under § 924(c)'s so-called "force" clause, a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. § 924(c)(3)(A). Under § 924(c)'s "residual" clause, a crime of violence is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B).

Here, petitioner argues that armed bank robbery does not satisfy either definition of a crime of violence. He first contends that the residual clause is unconstitutionally vague under Johnson, which invalidated a similar clause in the Armed Career Criminal Act, id. § 924(e)(2)(B). Accordingly, petitioner argues, the residual clause cannot support his conviction and sentence under § 924(c). Additionally, petitioner maintains that armed bank robbery does not constitute a crime of violence under the force clause, because it does not categorically entail the use or threatened use of physical force.

The Ninth Circuit's decision in Watson forecloses petitioner's arguments. Like petitioner, the Watson petitioners argued that their convictions for using a firearm during a crime of violence were unlawful because the predicate offense—armed bank robbery (18 U.S.C.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 2

1 | § 2113)—did not qualify as a crime of violence for purposes of § 924(c). The court squarely
2 | rejected that argument, without reaching the constitutionality of the residual clause. Even the
3 | least violent form of bank robbery—bank robbery by intimidation—"requires at least an implicit
4 | threat to use the type of violent physical force" necessary to satisfy the force clause. Watson,
5 | 881 F.3d at 785 (quoting United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017) (per
6 | curiam)). Bank robbery by intimidation also meets the mens rea requirement for a crime of
7 | violence. Id. Therefore, bank robbery under § 2113(a) invariably qualifies as a crime of violence
8 | for purposes of § 924(c). Because an armed bank robbery conviction under §§ 2113(a) and (d)
9 | "cannot be based on conduct that involves less force than an unarmed bank robbery requires,"
10 | armed bank robbery also constitutes a crime of violence under § 924(c). Id. at 786.

Watson resolves petitioner's motions. Petitioner's conviction for armed bank robbery is a proper basis for his conviction and sentence for using or carrying a firearm during and in relation to a crime of violence.

### III. CONCLUSION

The Court finds that petitioner has not demonstrated that his sentence should be vacated, set aside, or corrected. His petition is accordingly DENIED. The Court further finds that no evidentiary hearing is required because the record conclusively shows petitioner is not entitled to relief. See 28 U.S.C. § 2255(b). Likewise, petitioner has not substantially shown a denial of constitutional rights, and the Court concludes no certificate of appealability should issue. See id. § 2253(c)(2).

For the foregoing reasons, the Court ORDERS:

(1) Petitioner's motion, Dkt. ## 1, 6, is hereby DENIED; and

(2) Petitioner is DENIED a certificate of appealability under 28 U.S.C. § 2253.

DATED this 19th day of April, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 3