1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

RONALD KETTELLS,

Defendant.

Case No. CR11-383RSL

ORDER DENYING
DEFENDANT'S MOTION
FOR REDUCTION OF
SENTENCE

15    This matter comes before the Court on defendant's "Motion for Reduction of Sentence

16  Pursuant to 18 U.S.C. § 3582(c)." Dkt. # 237. Having considered the motion and the record

17  contained herein, the Court finds as follows:

18    **I.    PROCEDURAL MOTIONS**

19    As an initial matter, the government's motion to file an overlength response (Dkt. # 238)

20  is GRANTED.

21    **II.    BACKGROUND**

22    Defendant is a 72-year-old inmate currently incarcerated at United States Penitentiary

23  (USP) Atwater. On March 27, 2013, a jury convicted defendant of conspiracy in violation of 18

24  U.S.C. § 371, three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and

25  three counts of using a firearm during and in relation to a crime of violence in violation of 18

26  U.S.C. § 924(c)(1)(A)(ii). Dkt. # 149; Dkt. # 165 at 1–2. On June 21, 2013, the Court sentenced

27  defendant to thirteen years for the conspiracy count and armed bank robbery counts, seven years

28  for the first § 924(c) conviction, and two twenty-five-year sentences for the other two § 924(c)

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE - 1

1  convictions. Dkt. # 165 at 3. These sentences run consecutive such that defendant was sentenced

2  to seventy years imprisonment altogether. See Dkt. # 165 at 3. Defendant now moves under the

3  compassionate release statute for reduction in his sentence to twenty years imprisonment

4  followed by five years of supervised release.

5  **III.    LEGAL FRAMEWORK**

6  The compassionate release statute provides narrow grounds for defendants in

7  "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C.

8  § 3582(c). The First Step Act of 2018 amended the procedural requirements governing

9  compassionate release. See id. Prior to the First Step Act's passage, only the Director of the

10  BOP could bring motions for compassionate release. The Director rarely filed such motions.

11  See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress

12  amended the statute to allow defendants to directly petition district courts for compassionate

13  release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

14
15  > (c) Modification of an imposed term of imprisonment.—The court may not
    > modify a term of imprisonment once it has been imposed except that—

16  > (1) in any case—

17
18
19
20
21
22
23
24  > (A) the court, upon motion of the Director of the Bureau of
    > Prisons, or upon motion of the defendant after the defendant
    > has fully exhausted all administrative rights to appeal a failure
    > of the Bureau of Prisons to bring a motion on the defendant's
    > behalf or the lapse of 30 days from the receipt of such a
    > request by the warden of the defendant's facility, whichever
    > is earlier, may reduce the term of imprisonment (and may
    > impose a term of probation or supervised release with or
    > without conditions that does not exceed the unserved portion
    > of the original term of imprisonment), after considering the
    > factors set forth in section 3553(a) to the extent that they are
    > applicable, if it finds that—

25
26  > (i) extraordinary and compelling reasons warrant such
    > a reduction;  . . .

27  > (ii)  . . .

28  > and that such a reduction is consistent with the
    > applicable policy statements issued by the Sentencing
    > Commission[.]

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE - 2

1    Prior to passing the First Step Act, Congress directed the Sentencing Commission to

2  promulgate a policy statement defining "extraordinary and compelling reasons" in the

3  compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) **Medical Condition of the Defendant**—
>
> (i)      The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE - 3

period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)   The defendant is—

(I)   suffering from a serious physical or medical condition,

(II)   suffering from a serious functional or cognitive impairment, or

(III)   experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

(i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2.  **Foreseeability of Extraordinary and Compelling Reasons.**— For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE - 4

1
2

anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3
4
5

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

6
7
8
9
10
11
12
13
14

4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

15

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

16

U.S.S.G. § 1B1.13.[1]

17

## IV.   DEFENDANT'S CIRCUMSTANCES

18
19
20
21
22
23

Prior to considering the merits of defendant's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The parties agree that defendant satisfied this requirement by filing a request with the Warden at USP Atwater on July 5, 2020, which the Warden rejected on July 24, 2020. See Dkt. # 237-1 at 1. Finding that defendant has exhausted his administrative remedies, the Court will consider the merits of his motion for compassionate release.

24

25
26
27
28

[1] For the reasons set forth in detail in United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3–5 (W.D. Wash. May 29, 2020), "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not binding." Id. The Court will exercise its discretion to consider "extraordinary and compelling" circumstances that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement. Id.

1    Defendant's motion for compassionate release is based primarily on his argument that his

2    sentence is disproportionately severe under current law. In support of his argument, defendant

3    points to the mandatory "stacking" provisions of § 924(c) that applied during his sentencing,

4    provisions that are no longer mandatory. The First Step Act of 2018 limited the consecutive

5    stacking previously required for violations of § 924(c). Defendant contends that his sentence is

6    disproportionately severe because under current law, the mandatory twenty-five year sentence

7    for second or successive § 924(c) convictions occurs only when the defendant has a § 924(c)

8    conviction that has become final prior to sentencing on the instance case, not when the

9    convictions are sustained in the same indictment. See 18 U.S.C. § 924(c)(1)(C). Because the

10   convictions at issue here were all sustained in the same indictment, the parties agree that under

11   the current version of § 924(c), defendant would face a mandatory sentence of 21 years'

12   imprisonment for the § 924(c) convictions, rather than 57 years. Dkt. # 237 at 4; Dkt. # 239 at 9.

13   Defendant would also of course additionally face the sentence imposed for the conspiracy and

14   armed bank robbery convictions, which was thirteen years. See Dkt. # 165 at 3. This district has

15   not yet reached the precise issue of whether the disparity between the sentence that a defendant

16   received before the First Step Act and after the First Step Act presents an "extraordinary and

17   compelling" reason for a sentence reduction. Even assuming defendant has met his burden to

18   demonstrate that "extraordinary and compelling" reasons warrant his compassionate release,

19   however, additional considerations require denial of relief.

20   Prior to granting defendant's motion for a sentence reduction, the Court must find that he

21   "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C.

22   § 3142(g)." U.S.S.G. § 1B1.13. Defendant's record precludes such a finding. See Dkt. # 239 at

23   2–3, 15 (observing that defendant has been convicted in connection with more than 70 robberies

24   or thefts, many of which involved brandishing firearms and threats to kill victims). The offenses

25   for which defendant has served the current term of imprisonment are extremely serious, and he

26   committed them at the age of 63. See PSR at ¶¶ 6–10. Defendant robbed three banks, and during

27   the robberies, he threatened victims through the use of a firearm and threats of death. Moreover,

28   defendant has an extremely lengthy and troubling criminal history. See PSR at ¶¶ 51–118. He

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE - 6

1   has effectively "spent his lifetime committing numerous very serious and violent crimes." PSR

2   at ¶ 146. Defendant asserts that he suffers from medical issues like hypertension, Hepatitis C,

3   and an enlarged prostate, and that because the proposed reduction in sentence would result in

4   him being released at the age of 83, he is unlikely to pose a danger to the community. See Dkt.

5   # 237 at 9–11. While incarcerated, however, defendant has continued to incur numerous

6   disciplinary violations, including assaulting another prisoner at the age of 67. Dkt. # 239-1.

7   Considering defendant's extensive criminal history, and that his age and health appear to have

8   not previously deterred him from committing serious crimes,[2] the Court cannot conclude at this

9   time that he will not pose a continued danger to any other person or the community. U.S.S.G.

10  § 1B1.13.[3] Defendant's motion for reduction in sentence must therefore be DENIED. That said,

11  defendant may move for compassionate release at a later date, perhaps after 2027, and it is

12  possible that his disciplinary record will improve and reflect more favorably upon him than it

13  does now. The Court would also look anew at any health conditions or other relevant factors.

14  **V.      CONCLUSION**

15      For all the foregoing reasons, defendant's motion for reduction in sentence (Dkt. # 237) is

16  DENIED. The government's motion to file an overlength response (Dkt. # 238) is GRANTED.

17      DATED this 10th day of December, 2020.

18

19

20                                   _Robert S. Lasnik_
21                                   Robert S. Lasnik
                                     United States District Judge
22

23

24  _____

        [2] Defendant's Hepatitis and hypertension predated the offenses for which he is currently
25  incarcerated. See Dkt. # 225-1 at 3 (reflecting a 2008 health service related to Hepatitis and a 2007
26  health service related to hypertension).

        [3] Because the Court has determined that defendant poses a danger to the community, it need not
27  further address the factors set forth in 18 U.S.C. § 3553(a). That said, the Court agrees with the
    government's analysis of the § 3553(a) factors, see Dkt. # 239 at 16, and the Court concludes that
28  defendant's circumstances at this time do not warrant a reduction in sentence.

    ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE - 7