UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

RONALD KETTELLS,

Defendant.

Case No. CR11-383-RSL

ORDER DENYING
DEFENDANT'S MOTION
FOR COMPASSIONATE
RELEASE

This matter comes before the Court on defendant's "Second Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)" (Dkt. # 289); the Government's response (Dkt. # 297); defendant's reply (Dkt. # 304); and the related exhibits and memoranda (Dkts. # 290, 291, 299, 305). Having considered the parties' submissions and the record contained herein, the Court DENIES the motion.

**I.      Background**

Defendant is a 78-year-old inmate currently incarcerated at USP Victorville ("Victorville"), a high security penitentiary in California. *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (last visited March 30, 2026). On March 27,

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 1

2013, a jury convicted defendant of conspiracy in violation of 18 U.S.C. § 371; three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d); and three counts of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Dkts. # 149; # 165 at 1–2. On June 21, 2013, the Court sentenced defendant to thirteen years for the conspiracy count and armed bank robbery counts, seven years for the first § 924(c) conviction, and two twenty-five-year sentences for the other two § 924(c) convictions. Dkt. # 165 at 3. These sentences run consecutive such that defendant was sentenced to seventy years imprisonment altogether. *See* Dkt. # 165 at 3.

Defendant was 63 years old when he and his co-defendant, Jack Sexton, committed the armed bank robberies that led to defendant's current sentence. Dkt. # 151 at 3–5. At defendant's sentencing hearing on June 21, 2013, the Court stated that seventy years (840 months) was an appropriate sentence for defendant:

> . . . given the severity of these crimes, the remarkable extent of the criminal history, and the fact that, even at an age when most criminals have burned out of using extreme violence, both Mr. Kettells and [his co-defendant] Mr. Sexton were running around with loaded shotguns, doings things [that], even if they never had an intent to hurt somebody, could have easily resulted in injury or death to innocent people, and which did result in injury to people . . . ."

Dkt. # 201 at 8. The Court continued: "So I certainly have considered the 3553 factors, but find that the crimes committed here and the criminal history, among the worst that the court has ever seen, justifies a sentence of 840 months." *Id*.

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 2

### A. Defendant's First Motion for Reduced Sentence

On August 20, 2020, defendant, proceeding pro se, filed his first motion for a reduced sentence under § 3582(c)(1)(A)(i). Dkt. # 224. "The request was based primarily on the changes in the law related to the 'stacking' of consecutive sentences under [18 U.S.C.] § 924(c), although he also raised his medical issues as constituting an extraordinary and compelling reason for relief." Dkt. # 289 at 4:17–19. Defendant's proposed reduction in sentence would have resulted in his being released at the age of 83. Dkt. # 241 at 7:4. Based on the advanced age at which defendant would have been released under his proposed reduction in sentence, defendant argued he would be unlikely to pose a danger to the community. *Id*. On December 20, 2020, this Court denied the motion, holding that defendant's record before and during his incarceration precluded a finding that defendant "is not a danger to the safety of any other person or the community." *Id*. at 6:20–7:13. In doing so, the Court noted "defendant's extensive criminal history, and that his age and health appear to have not previously deterred him from committing serious crimes . . . ." *Id*. at 7:7–9.

"Even assuming defendant has met his burden to demonstrate that 'extraordinary and compelling' reasons warrant his compassionate release," the Court stated, denial of defendant's motion for compassionate release was necessary based solely on defendant's continued dangerousness. *Id.* at 6:17–19. The Court noted that while incarcerated, "defendant has continued to incur numerous disciplinary violations, including assaulting another prisoner at the

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 3

age of 67." *Id*. at 7:5–6. The Court also noted that although its holding on defendant's dangerousness meant it did not need to consider the 18 U.S.C. § 3553(a) factors, it agreed with the Government's analysis of those factors and concluded, based on that analysis, "that defendant's circumstances at this time do not warrant a reduction in sentence." *Id*. at 7, n.3. However, the Court wrote that "defendant may move for compassionate release at a later date, perhaps after 2027, and it is possible that his [prison] disciplinary record will improve and reflect more favorably on him than it does now." Dkt. # 241 at 7:10–13. "The Court would also look anew at any health conditions or other relevant factors." *Id*.

### B. Co-Defendant Jack Sexton's Motions for Reduced Sentence

On June 30, 2021, the Court denied a separate motion for compassionate release from defendant's co-defendant, Mr. Sexton, even though the Court found that Mr. Sexton had demonstrated "extraordinary and compelling" circumstances due to his having been assaulted by another inmate who hit Mr. Sexton in the head with a lock in a sock. Dkt. # 260. The attack caused Mr. Sexton multiple skull fractures and a cerebral hemorrhage. *Id*. Mr. Sexton's injuries required surgery, "which involved replacing a portion of the bone with plates and screws." *Id*. at 6. Mr. Sexton had to eat for a time through a feeding tube and was left with "peripheral neuropathy" and "left hemiphlegia" (i.e., total or partial paralysis on one side of the body). *Id*. at 7. Mr. Sexton was issued a cane and walker, and he could not tie his own shoelaces or button his own shirt. *Id*. Even so, after evaluating the 18 U.S.C. § 3553(a) factors, the Court found that the

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 4

majority of the factors weighed against compassionate release for Mr. Sexton, who was 74 years old at that time. *Id*. at 9–13. Among the factors weighing against his release was the need to protect the public and deter criminal conduct. *Id*. at 11–12. Thus, despite his having demonstrated "extraordinary and compelling circumstances," the Court did not release Mr. Sexton. *Id*.

Sixteen months later, on December 8, 2022, the Court granted Mr. Sexton's second request for compassionate release after being presented with new evidence submitted by Mr. Sexton that highlighted his pro-social behavior; his changed outlook on life while in prison; his sobriety and interest in remaining sober; his lack of sanctioned incidents over the past six years of confinement; and the opinions of Bureau of Prisons ("BOP") nurses and fellow inmates, shared in the form of letters submitted to the Court, that Mr. Sexton no longer posed a threat to the public. *Id*. at 10–20.

### C. Defendant's Second Motion for Reduced Sentence

On March 31, defendant Kettells filed his second motion for reduction in sentence under § 3582(c)(1)(A)(i). Dkt. # 289. The Court granted the Government's unopposed motions for extension of time to respond (Dkts. # 293, 295); defendant's unopposed motion for extension of time to file a reply (Dkt. # 301); both parties' motions to seals certain documents (Dkts. # 310, 311, 313); and defendant's motion for leave to file overlength motions and briefs (Dkts. # 309,

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 5

312). The briefing on defendant's second motion for reduction in sentence was complete on July 1, 2025. Dkt. # 304.

### 1. Legal Framework

A defendant may petition the Court to reduce his sentence by filing a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010). Under Section 3582(c)(1), a court may reduce a sentence upon the defendant's motion if three conditions are met: (1) the defendant has either exhausted all administrative rights to appeal the BOP's failure to bring such a motion on the defendant's behalf or has waited until 30 days after the warden of the defendant's facility has received such a request; (2) the defendant has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. July 21, 2025). Under the applicable policy statement, medical circumstances of the defendant may qualify as an "extraordinary and compelling reason" justifying release. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 (as amended). Finally, the defendant must also show that he is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(a)(2).[1] If the defendant

---

[1] The Sentencing Commission revised policy statement 1B1.13 effective November 2023, thereby mooting the portion of *United States v. Aruda*, where the Ninth Circuit held that the policy statement was not "applicable" to a motion for compassionate release brought by a defendant directly to

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 6

meets all three conditions, the court must consider the sentencing factors set forth in 18 U.S.C. Section 3553(a) in whether to grant compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

### 2. Exhaustion of Administrative Remedies

Defendant states, and the Government does not contest, that the exhaustion requirement is met here. *See* Dkts. # 289 at 11, # 297. *See also* 18 U.S.C. § 3582(c)(1)(A). Therefore, the Court turns to whether "extraordinary and compelling" reasons warrant a reduction of defendant's sentence.

### 3. "Extraordinary and Compelling" Circumstances

Under § 3582(c)(1)(A)(i), a defendant must establish that "extraordinary and compelling reasons" warrant the requested reduction in sentence. Here, defendant argues that "extraordinary and compelling reasons" are shown by (1) "Mr. Kettells' age and the BOP's negligent disregard for his serious medical conditions," (2) "the change in the law relating to the 'stacking' of consecutive sentences under 18 U.S.C. § 924(c)," or (3) a combination of these two things. Dkt. # 289 at 3, 13–18. In support of his health-related arguments, defendant has submitted reports from Dr. David Hellerstein, an expert in correctional healthcare. Dkts. # 290, Ex. 2; # 305, Ex. 1. Dr. Hellertein states that "Mr. Kettels' medical conditions, improperly managed as they have

---

the Court. *See* 993 F.3d 797, 802 (9th Cir. 2021); *see also Bryant*, 144 F.4th 1119, 1124 (9th Cir. July 21, 2025). Therefore, the policy statement is now binding on this Court. *Id*.

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 7

been by the Bureau of Prisons, place his health, and potentially his life, at unnecessary risk." Dkt. # 305 at 2. Those medical conditions include hypertension; hyponatremia; Gastro Esophageal Reflux Disease (GERD); recent hospitalization for "severe gallbladder infection and gallstones"; and "an undiagnosed possible malignant melanoma" that the BOP has not biopsied over the more than three years that have passed since a "dark irregular lesion on Mr. Kettells' back" was noted by a BOP medical provider as "needing a biopsy to rule out malignant melanoma." Dkts. # 289, # 290, # 297, # 304, # 305. However, Dr. Hellerstein notes that there is "no documentation in the medical record that Mr. Kettells availed himself of the FBOP Administrative Remedy Program," a grievance process that is available to him for addressing issues with his prison healthcare and that has been described as "how things get done in prison." Dkt. # 290, Ex. 2 at 4.

Even assuming, without deciding, that defendant has met his burden to demonstrate "extraordinary and compelling" reasons that warrant his compassionate release, there remain, as before, additional considerations that require denial of that relief. Dkt. # 241 at 7:17–19. Those additional considerations are detailed below.

### 4. Dangerousness

Prior to granting defendant's motion for a sentence reduction, the Court must find that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. Defendant's record continues to preclude such a finding. *See*

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 8

Dkt. # 241 at 6–7. Defendant has been convicted in connection with more than 70 robberies or thefts, many of which involved brandishing firearms and threats to kill victims. *Id*. (citing Dkt. # 239 at 2–3, 15). In addition:

> The offenses for which defendant has served the current term of imprisonment are extremely serious, and he committed them at the age of 63. See PSR at ¶¶ 6–10. Defendant robbed three banks, and during the robberies, he threatened victims through the use of a firearm and threats of death. Moreover, defendant has an extremely lengthy and troubling criminal history. See PSR at ¶¶ 51–118. He has effectively "spent his lifetime committing numerous very serious and violent crimes." PSR at ¶ 146 . . . While incarcerated . . . defendant has continued to incur numerous disciplinary violations, including assaulting another prisoner at the age of 67. Dkt. # 239-1.

*Id*. Defendant again argues that his age, now 78, mitigates any danger he once posed. Dkt. # 289 at 11–13. He notes that he is 5'10" tall, weighed a self-reported 129 lbs. as of July 2025, and "is weakened by age and serious medical issues." Dkt. # 304 at 1. On this point the Court notes that it denied the first motion for compassionate released from defendant's co-defendant, Mr. Sexton, despite Mr. Sexton having been subject to a violent attack in prison that left him with multiple skull fractures, a cerebral hemorrhage, "peripheral neuropathy," and "left hemiphlegia" (i.e., total or partial paralysis on one side of the body). Dkt. # 260 at 7. When the Court denied Mr. Sexton's first motion, Mr. Sexton was 74 years old, had been issued a cane and walker, and could not tie his own shoelaces or button his own shirt. *Id*. Part of the Court's concern, at that time, was the danger Mr. Sexton could still present to the public given his past record and drug

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 9

use, especially "in the event of a relapse outside his current institutional setting." *Id*. at 11:8–12:6.

Here, defendant Kettells, who admits that his drug addiction "fueled" his criminal activity, self-reports through counsel that "he has maintained sobriety for the first time in his adult life." Dkt. #289 at 12:17–13:2. "His disciplinary records corroborate his self-report," showing "no positive UAs and/or drug-related infractions since 2019." *Id*. (Before 2019, defendant's prison disciplinary records "show multiple drug related infractions." *Id*.) While the Court commends any progress made by defendant, and further commends defendant's willingness (as relayed through counsel) to participate in any drug treatment ordered by the Court in the event of release on supervision, the current motion from defendant lacks the additional evidence that ultimately led this Court to grant release for co-defendant Mr. Sexton in December 2022, when Mr. Sexton was 75 years old. Dkt. # 277. That additional evidence submitted by Mr. Sexton included statements from (1) a former BOP nurse attesting to his "drive/willingness to improve"; (2) an inmate who attested to Mr. Sexton doing "the hard work" of committing to a crime- and drug-free life; and (3) a former inmate stating defendant wanted to "get out and do the right thing and be successful and not do drugs." *Id*. at 13:16–24. Accompanying that additional evidence was a letter from Mr. Sexton to the Court expressing his commitment to rehabilitation. *Id*. There are no similar attestations here, nor has the Court received a similar letter from defendant Kettells.

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 10

The Government notes that defendant has been described as "poorly motivated to rehabilitate himself" (Dkt. # 297 at 11:12 (citing PSIR ¶ 126)) and that while incarcerated he "has not taken any education courses since 2011"; "he has not engaged in any drug education or treatment since 2016"; and he "has failed to enroll in a single evidence-based recidivism reduction program offered at his facility" (*Id*. at 11:14–21). The Court understands that defendant's counsel has had difficulties communicating with defendant. Dkts. # 289 at 4 n.4, # 304 at 7 n.5. The Court has also considered defendant's report, through counsel, that his current institution is "often under lockdown due to staffing shortages" and that at his previous institution's regular use of 23-hours-a-day lockdown meant there were no programs to complete and very few prison jobs available. *Id*. Even so, counsel did receive a letter from defendant on May 28, 2025, discussing his current health situation. *Id*. Therefore, the Court believes that defendant has the means to, at the very least, express his commitment to rehabilitation as Mr. Sexton did before this Court released him. Any future motion from defendant would also benefit from attestations corroborating (1) any representations defendant may make about his commitment to rehabilitation, (2) any representations defendant may make about him not being a danger to the community, and (3) defendant's current claims about why he has not availed himself of more rehabilitation-oriented programs while in prison. The Court is certainly concerned about the inadequate prison healthcare described by defendant and Dr. Hellerstein, especially the reported lack of a biopsy of defendant's "irregular lesion" over more than three

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 11

years. Dkt. # 289 at 5:25–6:2. The Court would appreciate an update on this issue, and any attempts by defendant to address it through the Administrative Remedy Program (Dkt. # 290, Ex. 2 at 4), in any future motion for reduced sentence.

### D. Conclusion

For all the foregoing reasons, defendant's motion for reduction in sentence (Dkt. # 289) is DENIED.

IT IS SO ORDERED.

DATED this 31st day of March, 2026.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 12